### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEROME JUNIOR WASHINGTON, | No. 4:22-CV-01744 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| C.O. ANNA, *et al.*, | |
| Defendants. | |

### MEMORANDUM OPINION

#### DECEMBER 20, 2022

Plaintiff Jerome Junior Washington is a serial *pro se* litigator who is well known to this Court.  He is currently incarcerated at the State Correctional Institution, Rockview (SCI Rockview), in Bellefonte, Pennsylvania.  Washington filed the instant *pro se* Section 1983[1] action concerning alleged constitutional violations by two SCI Rockview officials.  The Court will dismiss the bulk of Washington's complaint but grant him leave to amend.

## I.   STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[2]  One

---

[1]   42 U.S.C. § 1983.  Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law.  *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2]   *See* 28 U.S.C. § 1915A(a).

basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[3]  This language closely tracks Federal Rule of Civil Procedure 12(b)(6).  Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[4]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[5]  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[6]  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[7]

---

[3]   *Id.* § 1915A(b)(1).

[4]   *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

[5]   *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).

[6]   *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

[7]   *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[8] At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[9] Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[10] Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[11] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12]

Because Washington proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[13] This is particularly true when the *pro se* litigant, like Washington, is incarcerated.[14]

## II.   DISCUSSION

Washington's complaint, like his pleading in his other civil rights lawsuits, is difficult to follow and unnecessarily verbose. His allegations are disjointed and

---

[8]  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).

[9]  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).

[10]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).

[11]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).

[12]  *Iqbal*, 556 U.S. at 681.

[13]  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

[14]  *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

disorganized, repeatedly shifting between unrelated events and intermingling
different constitutional claims.

In the instant lawsuit, Washington sues two SCI Rockview officials:
Corrections Officer Anna and Superintendent Bobbi Jo Salamon.[15]  Washington
alleges that he is "mentally ill" and has been housed in the Behavior Management
Unit (BMU) at SCI Rockview since July 2020.[16]  He avers that he suffers from
schizoaffective disorder, post-traumatic stress disorder, auditory and visual
hallucinations, suicidal ideation, attention deficit disorder, bipolar I, and an anti-
social personality disorder.[17]  As best the Court can ascertain, Washington is
asserting claims of First Amendment retaliation, Eighth Amendment conditions of
confinement, and Fourteenth Amendment deprivation of property without due
process.[18]  The Court will address the sufficiency of these claims in turn.

### A.   Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be
"predicated solely on the operation of *respondeat superior*."[19]  Rather, a Section
1983 plaintiff must aver facts that demonstrate "the defendants' personal
involvement in the alleged misconduct."[20]  Personal involvement can include direct

---

[15]  Doc. 1 ¶¶ 2, 4.
[16]  *Id.* ¶¶ 5-6, 12.
[17]  *Id.* ¶ 6.
[18]  *See, e.g., id.* ¶¶ 13, 16, 17, 35.
[19]  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556. U.S. 662, 676 (2009) (affirming same principle in *Bivens* context).
[20]  *Dooley*, 957 F.3d at 374 (citing *Rode*, 845 F.2d at 1207).

wrongful conduct by a defendant, but it can also be demonstrated through allegations of "personal direction" or of "actual knowledge and acquiescence"; however, such averments must be made with particularity.[21]

Although Washington names Superintendent Salamon as a defendant, he does not assert any allegations against Salamon that would plausibly establish that she was involved in unconstitutional conduct.[22]  His only allegation against Salamon is that she "is legally responsible for the operation of SCI-Rockview" and did not remove Anna from the BMU after complaints were made about Anna's conduct.  These allegations sound merely in *respondeat superior* and are insufficient to implicate Section 1983 liability.  Accordingly, Salamon must be dismissed for lack of personal involvement because there are no allegations that she was involved in any of the alleged constitutional violations.

### B.     Eighth Amendment Conditions of Confinement

"[T]he Constitution does not mandate comfortable prisons, and prisons . . . which house persons convicted of serious crimes[] cannot be free of discomfort."[23] Nevertheless, the state cannot subject an inmate to cruel and unusual punishment or "inhumane treatment," such as deprivation of "identifiable human need[s]" like

---

[21]  *Id.* (quoting *Rode*, 845 F.2d at 1207).
[22]  *See id.* at 2.
[23]  *Thomas v. Tice*, 948 F.3d 133, 139 (3d Cir. 2020) (second alteration in original) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)).

"food, warmth, or exercise."[24]  To prevail on an Eighth Amendment conditions-of-confinement claim, a plaintiff must show both objective and subjective elements.[25] Objectively, the prisoner must demonstrate that "the prison official deprived the prisoner of the minimal civilized measure of life's necessities," often referred to as a "sufficiently serious" deprivation.[26]  Subjectively, the prisoner must show that "the prison official acted with deliberate indifference" to the prisoner's "health or safety."[27]  Deliberate indifference means that the defendant "acted or failed to act despite having knowledge that her actions or inaction, as the case may be, would subject the inmate to a substantial risk of serious harm."[28]

Washington's Eighth Amendment conditions-of-confinement claim against Anna is difficult to follow because Washington repeatedly commingles and conflates his constitutional tort allegations.  It appears that Washington is asserting that, on February 16, 2022, his Eighth Amendment rights were violated when Anna forced him into cell "GA-1."[29]  Washington avers that this cell had "urine [and] feces . . . on the walls and inside the toilet [and] floor," was covered with dust, and did not contain a mattress or "blanket/bedroll."[30]

---

[24]  *See Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 226 (3d Cir. 2015) (quoting *Wilson v. Seiter*, 501 U.S. 294, 304 (1991)).

[25]  *See id.*

[26]  *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 843 (1994); *Wilson*, 501 U.S. at 297).

[27]  *Id.* (citing *Farmer*, 511 U.S. at 834).

[28]  *Id.* at 227 (citing *Farmer*, 511 U.S. at 842).

[29]  *See* Doc. 1 ¶¶ 13, 14.

[30]  *Id.* ¶ 14.

While the conditions Washington describes are certainly unpleasant, his claim does not rise to the level of a constitutional violation.  This is particularly true because the duration of Washington's alleged deprivation—a single day (or possibly only part of a day)—is so brief.[31]  In fact, numerous district courts and courts of appeals have held that conditions like Washington is alleging, even spanning multiple days, do not amount to a cognizable Eighth Amendment violation.[32]  Accordingly, Washington's Eighth Amendment conditions-of-confinement claim against Anna must be dismissed.

### C.   First Amendment Retaliation

Although a prisoner's constitutional rights are necessarily circumscribed, an inmate still retains First Amendment protections when they are "not inconsistent" with prisoner status or with the "legitimate penological objectives of the

---

[31]   Duration of the deprivation is a critical factor in the conditions-of-confinement analysis.  *See Thomas v. Tice*, 948 F.3d 133, 139 (3d Cir. 2020) (stressing that "*duration*" of confinement in a dry cell was crucial consideration in Eighth Amendment conditions-of-confinement claim).

[32]   *See Freeman v. Miller*, 615 F. App'x 72, 77-78 (3d Cir. 2015) (nonprecedential) (seven days without mattress, shower, soap, recreation, or toilet paper due to suicide risk not unconstitutional); *Adderly v. Ferrier*, 419 F. App'x 135, 139 (3d Cir. 2011) (nonprecedential) (seven days without clothing, toiletries, mattress, and shower was harsh but not a deprivation of life's necessities); *Stephens v. Cottey*, 145 F. App'x 179, 181 (7th Cir. 2005) (nonprecedential) (three days without a mattress and having to sleep on a metal bedframe did not violate Eighth Amendment); *Williams v. Delo*, 49 F.3d 442, 444 (8th Cir. 1995) (four days without clothing, mattress, or bedding not Eighth Amendment violation); *Maldanado v. Dep't of Corr.*, No. 1:13-CV-2249, 2017 WL 3034768, at *3 (M.D. Pa. July 18, 2017) (four or five days without mattress not a cognizable conditions-of-confinement claim); *Milhouse v. Gee*, No. 1:09-CV-2134, 2011 WL 3627414, at *12 (M.D. Pa. Aug. 17, 2011) (two weeks without a mattress did not violate Eighth Amendment); *see also Coleman v. Hodges*, No. 18-CV-1152, 2018 WL 6618459, at *6-7 (W.D. Pa. Nov. 30, 2018) (collecting cases regarding constitutional rights of pretrial detainees and denial of mattress).

corrections system."[33]  To state a First Amendment retaliation claim, a plaintiff

must plausibly plead that (1) "he was engaged in constitutionally protected

conduct," (2) he suffered an "adverse action" by prison officials sufficient to deter

a person of ordinary firmness from exercising his First Amendment rights, and

(3) the plaintiff's protected conduct was a "substantial or motivating factor" in the

prison officials' decision to take the adverse action.[34]

Washington alleges that Anna retaliated against him for filing "grievances

and lawsuits" against Anna and other Department of Corrections employees.[35]  He

claims that the adverse action taken by Anna included placing him in the GA-1 cell

(described above) on February 16, 2022, as well as confiscating or destroying

Washington's outgoing mail containing "artwork/drawing for museum" on March

24, 2022.[36]  These allegations are sufficient to state a retaliation claim.  While the

alleged adverse action taken by Anna is not extreme, it does appear to rise above

the "*de minimis*" level required for a First Amendment retaliation claim.[37]  And,

although Washington does not provide details about when his grievances or

lawsuits were filed in relation to when the alleged retaliation took place, pleading

---

[33]  *Wisniewski v. Fisher*, 857 F.3d 152, 156 (3d Cir. 2017) (quoting *Newman v. Beard*, 617 F.3d 775, 781 (3d Cir. 2010)).

[34]  *Id.* (quoting *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001)); *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (quoting *Rauser*, 241 F.3d at 333).

[35]  Doc. 1 ¶¶ 13, 17.

[36]  *Id.* ¶¶ 18-20.

[37]  *See Watson v. Rozum*, 834 F.3d 417, 423 (3d Cir. 2016) (quoting *McKee v. Hart*, 436 F.3d 165, 170 (3d Cir. 2006)).

causation is a less onerous task than proving this element later in the litigation.[38]

Consequently, Washington's First Amendment retaliation claim against Anna may

proceed.

### D.     Fourteenth Amendment Due Process

Washington also appears to raise a Fourteenth Amendment claim of

deprivation of property without due process of law.[39]  This constitutional tort,

however, has significantly limited application.  Most acutely, such a due process

claim is unavailable when "adequate state post-deprivation remedies are

available."[40]

Washington's complaint is silent as to whether adequate state post-

deprivation remedies exist for the confiscation or destruction of his artwork, but

the Court notes that state tort law likely provides a remedy for claims like those

Washington is asserting.[41]  The United States Court of Appeals for the Third

Circuit has also held that the prison grievance process constitutes an adequate post-

deprivation remedy for claims like those asserted here, even if the plaintiff

---

[38]   *See Conard v. Pa. State Police*, 902 F.3d 178, 183-84 (3d Cir. 2018) (contrasting requirements for pleading versus proving causation for First Amendment retaliation claim).

[39]   *See Hudson v. Palmer*, 468 U.S. 517 530, 533 (1984).

[40]   *Id.* at 533.

[41]   *See* 42 PA. CONS. STAT. § 8522(a), (b)(3) (waiving state statutory sovereign immunity for negligent acts related to the "care, custody or control of personal property in the possession or control of Commonwealth parties"); *see also Cruz v. SCI-SMR Dietary Servs.*, 566 F. App'x 158, 160 (3d Cir. 2014) (nonprecedential) (noting that district court correctly dismissed Fourteenth Amendment due process property deprivation claim due to existence of state post-deprivation remedies).

disagrees with the results.[42]  Thus, if Washington is attempting to assert a

Fourteenth Amendment deprivation-of-property claim, that claim fails and must be

dismissed with prejudice.

## IV.   LEAVE TO AMEND

Generally, "*in forma pauperis* plaintiffs who file complaints subject to

dismissal under [the Prison Litigation Reform Act] should receive leave to amend

unless amendment would be inequitable or futile."[43]  Washington's Fourteenth

Amendment deprivation-of-property claim fails as a matter of law and will be

dismissed with prejudice.  Washington may, if he is able, file an amended

complaint that addresses the deficiencies noted above as to his claims against

Salamon and his Eighth Amendment conditions-of-confinement claim against

Anna.

If Washington chooses to file an amended complaint, he must comply with

the following guidance or the Court will strike his amended pleading:

- The amended complaint should be a stand-alone document, complete in itself and without reference to any previous pleading.

- The amended complaint should set forth the claim or claims in *short, concise, and plain statements*, and in sequentially numbered paragraphs.

- Washington need not, *and should not*, include word-for-word recitation of his grievances or of prison regulations or policies, nor should he include legal argument.

---

[42]   *See Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 422 (3d Cir. 2000).
[43]   *Grayson*, 293 F.3d at 114.

- Washington *may not* include claims (or allegations related to claims) that have been dismissed with prejudice in this Memorandum.  He must, however, include any claim that survived this Court's screening herein if he intends to pursue this claim.

- Washington must name proper defendants and *specify the offending actions taken by a particular defendant*.  Washington is admonished that he must comply with Federal Rule of Civil Procedure 20(a)(2) if attempting to join multiple defendants in a single action.

If, on the other hand, no amended complaint is timely filed, this case will proceed on Washington's First Amendment retaliation claim against Anna only.

## V.    CONCLUSION

Based on the foregoing, the Court will dismiss Washington's complaint pursuant to 28 U.S.C. § 1915A(b)(1) with the exception of his Section 1983 claim of First Amendment retaliation against defendant Anna.  Limited leave to amend will be granted, as set forth above.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge